1 | Dean T. Kirby, Jr.   090114
2 | Roberta S. Robinson 099035
  | KIRBY & McGUINN, A P.C.
  | 707 Broadway, Suite 1750
3 | San Diego, California 92101
  | Telephone: (619) 685-4000
4 | Facsimile:   (619) 685-4004

5 | Attorneys for Leonard J. Ackerman, Trustee

6

7 | UNITED STATES BANKRUPTCY COURT

8 | Southern District of California

In re

LUXURY TOY CLUB, LLC

Debtor.

Case No.   11-17177-LA7

TRUSTEE'S STATEMENT OF POSITION (NON-OPPOSITION) RE EMERGENCY MOTION OF RICHARD M. KIPPERMAN, CUSTODIAN AND RECEIVER FOR ORDER AUTHORIZING TRUSTEE TO TURN OVER POSSESSION TO BANKRUPTCY COURT CUSTODIAN AND FOR RELIEF FROM THE AUTOMATIC STAY

16    Leonard J. Ackerman, Trustee does not oppose the Motion of Richard M. Kipperman, Custodian and Trustee, for Order Authorizing Trustee to Turn Over Possession to Bankruptcy Court Custodian and for Relief From Automatic Stay.

19    No schedules have yet been filed in this chapter 7 case, and the Meeting of Creditors has not yet taken place.  The Trustee's position is based upon due diligence conducted immediately after the filing, as set forth in detail in the Declaration of Leonard J. Ackerman, Trustee submitted herewith.

22    As set forth in the Declaration, the Debtor's business appears to have been providing luxury goods and services (such as limousines, exotic vehicles, yachts and private jets) to customers.  The Debtor's address set forth on the Petition is 1012 Prospect Suite, Suite 310, La Jolla, California. This is an office suite, and not a location at which vehicles, etc. could be stored.

26 | / / /
27 | / / /
28 | / / /

1
TRUSTEE"S STATEMENT OF POSITION RE MOTION OF KIPPERMAN, RECEIVER

1. The Trustee is informed that Mr. Kipperman was appointed Receiver at the behest of a lender in a Superior Court action as to the property at 1012 Prospect. Mr. Kipperman was retained in office after the property owner filed a chapter 11 case in this District, In re La Jolla UTC Corp., Case No. 11-bk 05973-pb11 (DI 31).

2. Immediately after the filing of the Luxury Toy Club chapter 7 petition, the Trustee was informed that the Receiver had secured the premises by changing the locks on Suite 310. The Trustee then personally visited the Suite and inspected it in the presence of Mr. Mackey, who signed the Petition on behalf of Luxury Toy Club as "operating manager."

3. During the inspection of Suite 310, the Trustee was unable to locate any assets or paper records pertaining to Luxury Toy Club. Mr. Mackey stated during the inspection that Luxury Toy Club had not been in business for the past year and that there were no assets of Luxury Toy Club on the premises. Further, as stated in the Rigg Declaration, Asset searches which include UCC filings do not indicate the existence of tangible assets of Luxury Toy Club.

4. The Lease in question does not appear to have any value to the estate, and may in any case have been terminated by the Receiver's eviction proceedings which took place pre-petition.

5. Prior to the filing of the Luxury Toy Club petition the Debtor apparently engaged in a series of actions which appear to be designed simply to frustrate the eviction of a related entity "Email Network" which is purportedly "sharing" the suite with Luxury Toy Club. These actions included the filing of apparently baseless in propria persona removal petitions by the Debtor and Email Network. The eviction cases were immediately remanded by the United States District Court for the Southern District of California (Case No. 11cv1643 JAH(BGS) and Case No. 11cv1644 AJB(POR)

6. Based on all of the above facts, it appears that the filing of this "bare bones chapter 7 petition (also by a limited liability company purportedly in propria persona) was simply the next in a series of legal maneuvers designed to frustrate an eviction.

/ / /

/ / /

/ / /

/ / /

1  Accordingly, the Trustee has no opposition to the Emergency Motion.  In order to avoid
2  further litigation with this Debtor, the Trustee should be expressly *directed* by the Order to take the
3  specific actions requested.  The Trustee therefore requests that his attorneys be permitted to approve
4  any order which is entered.

5  Date:   October 31, 2011           KIRBY & McGUINN, A P.C.

7                                              By:    /s/ Dean T. Kirby, Jr.
                                                   Dean T. Kirby, Jr.
8                                                  Attorneys for Leonard J. Ackerman, Trustee