J.D.

FILED

2011 NOV -7 AM 11: 15

CLERK
U.S. BANKRUPTCY CT.
SO DIST OF CALIF

1
2
3   ROBERT MACKEY
    LUXURY TOY CLUB, LLC.
4   1012 PROSPECT ST. STE. 310
    LA JOLLA, CALIFORNIA 92037
5   Phone: 619-261-7000

6   Debtor In Pro Se

7
8
9
10                  UNITED STATES BANKRUPTCY COURT
11                  SOUTHERN DISTRICT OF CALIFORNIA

12  In re,
                                                    Case No. 11-bk-17177
13
    LUXURY TOY CLUB, LLC.
14
    DEBTOR                                          SUPPORTING
15                                                  DECLARATION BY ROBERT MACKEY,
                                                    OPERATING MANAGER FOR LUXURY
16                                                  TOY CLUB, LLC

17
18
19
            TO ALL PARTIES AND RESPECTIVE COUNSEL HEREIN,
20
21
22  I Robert Mackey, Operating Manager for Luxury Toy Club, LLC hereby declare and state that if

23  called on to testify I could and would competently attest to the following set of facts

24  Dated: November 7, 2011

25  Robert Mackey, In Pro Se
    Re: e-Mail Networks, Inc. and
26  Luxury Toy Club, LLC (Bankruptcy Case No. 11-17177-LA7)

27                                                  Spb
                                                    JD
28                                                  17177sup

1

2   As noted in motion, Immediate Relief is Requested for November 3rd Court Order due to improper submission as an "Emergency Motion", numerous factual errors noted below, including leased property and parties included in order that are not related to Luxury Toy Club, LLC Chapter 7 filing.

3

4   This Order was created by Mr. Richard Kipperman's attorney to attempt to circumvent the California State law and the legal eviction process by using his power and influence, and knowledge thereof in the US Bankruptcy Court.

5

6   There is a San Diego Superior Court Case pending and another being filed this week that will properly address the tenancy in question to Suite # 300 and #310 at 1012 Prospect St. and Mr. Kipperman's illegal attempts for a wrongful eviction.

7

8   Mr. Kipperman and his associates have now been admonished by San Diego Police two times in one week for breaking and entering, wrongful eviction attempt, illegal employee lockout and other illegal actions. See details below under Illegal Actions.

9

10

11  Facts in Opposition to "Emergency Motion" filing by Mr. Kipperman by attorney Gary Slater include:

12  Foremost this is clearly not an "Emergency", the normal 11 days to respond to Motion should apply and there should be proper notice of a hearing date.

13

14  Second, parties e-Mail Networks, Inc and Robert Mackey were included in the order but not noticed regarding the issue of Suite #300 included in the order.

15  Furthermore, the follow facts outline further evidence of misleading and fraudulent statements included in the filing.

16

17  1. 1012 Prospect St. Suite 300 is not involved in any way with the Luxury Toy Club, LLC (LTC) Chapter 7 Bankruptcy filing. LTC has not had a lease for Suite #300 or occupied Suite #300 for over 3 years.

18  2. The only connection of Luxury Toy Club, LLC to Suite #300 is a frivolous lawsuit that Mr. Kipperman has filed in ERROR. LTC has consistently maintained it does not have a lease for suite 300, nor

19  occupy Suite #300.

20  3. LTC was forced to file Bankruptcy solely due to Mr. Kipperman's frivolous attempt to improperly evict e-Mail Networks, Inc. by filing suit against LTC which does not occupy that Suite #300.

21

22  4. E-Mail Networks, Inc. (EMN) is not related to the LTC Chapter 7 filing. It occupies Suite #300 at the exclusive verbal and written request of Mr. Richard Kipperman. See exhibits A, B and C for written agreements and good faith payments. Mr. Kipperman has refused payments from e-Mail Networks,

23  Inc. and has not delivered a new lease for e-Mail Networks, Inc. as promised in writing in exchange for EMN of moving to Suite #300 as he requested.

24

25  5. LTC Trustee, Mr. Leonard Ackerman and his attorney have both confirmed in their filings on November 1, 2011 that the illegal attempted seizure and the actual illegal search of Suite #300 occurred and, in fact, no evidence that LTC occupied Suite #300 was found as maintained by LTC.

26

27

28

- 2 -

1

2

3 **Illegal Actions** in Mr. Kipperman's continuing Illegal Wrongful Eviction attempts:

4 **Retaliation Eviction attempt against e-Mail Networks, Inc. by Property Manager, directed
5 by Richard Kipperman and Gary Slater**

6 Events of Thursday October 20, 2011
At approximately 9 a.m. while Robert Mackey, representative for the defendants e-Mail Networks,
7 Inc. and Luxury Toy Club, LLC was leaving the Courthouse (made appearance on frivolous
Unlawful Detainer case for Suite #300 filed by Richard Kipperman) when he was notified that
8 Mary Wang, Property Manager for Newmark Merrill (hired by Receiver Richard Kipperman) had
9 instructed a locksmith and another male individual to forcefully remove employee, Martyn
Castens from the current e-Mail Networks, Inc. offices.
10 Mr. Casten's reported there events to Robert Mackey, and he promptly called Property Manager
Mary Wang's cell phone as she instructed Marty Casten's to do to get details of invasion. Her
11 voicemail message was reached twice and I informed her that there must be a mistake because that
12 Suite #300 is still in litigation and NO court Writs had been issued, notice given of ANY sort. She
provided no response and no official paperwork for her actions.
13 Five e-Mail Networks, Inc. team members were literally locked out of their place of business as
they arrived to work where they were approved to operate by Mr. Richard Kipperman by oral AND
14 written agreements.  In fact, one of the letters confirming e-Mail Networks, Inc. RENT
AGREEMENT for Suite #300 was signed by Mary Wang herself.  The other letter of
15 confirmation was signed by Richard Kipperman's attorney Mr. Gary Slater.
16 e-Mail Network's, President, Michelle Gilmore was forced to reschedule internal and client
meetings as well as send Team members to work from home due to illegal lockout.
17 After consulting with law enforcement and attorneys it was determined that it was clearly an illegal
retaliation lockout with no valid court orders.   E-Mail Networks, Inc. was advised to change locks
18 back to their control to mitigate losses of missing items and possible paper or digital data theft.
After employees left area to avoid conflict, there was at least one, maybe more individuals that
19 entered various rooms where sensitive client data is stored.   We are currently under a complete
20 security audit to determine data integrity damages.   Missing items so far include, bank statements,
keys, and data USB drive.
21

Events of Wednesday, October 26, 2011
22 At approximately 9 a.m. the second break-in attempt was ordered by Mary Wang to AGAIN
23 attempt to deny e-Mail Networks, Inc. use of its office space that it occupies with permission of
Richard Kipperman in writing from his Property Manager and his Attorney.
24 Mary Wang and security guard attempted to again forcefully remove myself and e-Mail Networks,
Inc. employees from our business.   She tried to force herself inside with no prior notice or any
25 official court paperwork.   She was so arrogant that she said she did not need any court permission
to evict e-Mail Networks, Inc.
26 I, Robert Mackey called the police to restore order to this harassment.   I also called Mr. Leonard J.

27

28
– 3 –

1. Ackerman, who is newly appointed Trustee for the Luxury Toy Club, LLC Chapter & filing. Mary Wang was stating that he ordered the attempted break-in and attempted lockout.
2. We kept door locked until Mr. Ackerman and Police arrived to keep order as Mary Wang was continuing her harassment and insistence of some power of seizure and eviction for which she had no authority.
3. I explained to the Police Officers that Mary Wang and Associates had broken into to e-Mail Networks, Inc. offices on October 20th and attempted to do so again today with no authority. I showed the two female Police Officers the two letters which clearly provide for e-Mail Networks, Inc. to occupy Suite #300.  Neither Mary Wang or Leonard Ackerman had any paperwork to show the Police Officers to justify Mary Wang's break in attempt.
4. I then met with Trustee, Mr. Ackerman and Jacquelyn Rigg, a Paralegal for Mr. Ackerman's attorney.  I explained to he and Jacquelyn that Luxury Toy Club, LLC does not occupy Suite #300 and there is NO justification whatsoever for the intrusion and harassment by Mary Wang and her associates.
5. I also explained to Mr. Ackerman that he was not getting the true story about the lease legal issues and suggested he proceed carefully until he can get all the facts.  He was still insistent to collect "data" about Luxury Toy Club, LLC that obviously someone had suggest he attempt to do.
6. I generously allowed him to run a "search" on e-Mail Networks, Inc. computers and snoop through files, boxes, paperwork and everywhere so he was satisfied that Luxury Toy Club, LLC was in fact NOT in business in Suite #300 as I have ALWAYS maintained.
7. He searched everywhere and Jacquelyn took photos to confirm that in fact their investigation confirmed that the computers, files, employees, etc. were all that of e-Mail Networks, Inc., NOT Luxury Toy Club, LLC as Mary Wang (and others) suspected even though she was clearly informed of otherwise by me.
8. The two San Diego Police Officers also did their own investigation and also confirmed the facts as stated.   When I and then the Police Officers all asked Mary Wang to leave she refused.   I had to leave to pick-up kids from school and had to make special arrangements as Mary Wang STILL REFUSED TO LEAVE the Suite AND STOP THE HARRASMENT EVEN WHEN ASKED TO DO SO BY THE SAN DIEGO POLICE!
9. The Police informed the trespassers that they must leave and it would be noted in their report that they would be arrested if any issues arose or locks were changed after they left.

Again on Friday, November 4, 2011 at approximately 4:30 pm Mr. Kipperman himself STOPPED e-Mail Networks, Inc. team members from working and attempted to force them outside into the rain.  He held only a court order formulated by fraudulent misrepresentations to the court and would not assist to verify it was authentic.

He attempted to do a lockout AGAIN even though the corrrect LEGAL procedure (if the order was even valid) is clearly noted in the Order.   As noted, Mr. Kipperman refused to assist to contact the court to confirm the Order's validity sense it was clearly issued in error and not based on facts. He commented, too bad the court is closed for the day now.

Robert Mackey made attempts to contact court and LTC Trustee. I left messages with no return calls.

-4-

1  San Diego Police were called for the 3rd time in two weeks to AGAIN stop Mr. Kipperman (and other staff including locksmith) from attempting another illegal work stoppage, break-in and lock-out of e-Mail Networks, Inc.

2

3  After holding-Mail Networks team members and Mr. Mackey hostage in their own "e-Mail Networks, Inc. suite" for several hours the San Diego Police finally arrived and asked Mr. Kipperman to again depart the building and halt his illegal eviction strategy.

4

5  The locks had to be changed back for the 2nd time in two weeks after San Diego Police cleared out Mr. Kipperman's trespassing parties.   It took over two hours to repair lock damages by Mr. Kipperman's locksmith.

6

7

8  Mr. Kipperman's actions again exposed hundreds of e-Mail Network's clients and millions of subscriber's personal data to be at high risk.   A security audit is underway from this past illegal break-in.

9

10

11  Submitted by Robert Mackey, CEO of e-Mail Networks, Inc., Operating Manager of Luxury Toy Club, LLC

12

13  This continuing harassment MUST be stopped and the Court should not condone and support this ongoing abuse of power by Mr. Kipperman.   He has neglected his duty and the oath of his position.

14

15  I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on this 7th day of November 2011, at San Diego California.

16

17

18  Robert Mackey

19

20

21

22

23

24

25

26

27

28

− 5 −