Dean T. Kirby, Jr.   090114
Roberta S. Robinson 099035
KIRBY & McGUINN, A P.C.
707 Broadway, Suite 1750
San Diego, California 92101
Telephone: (619) 685-4000
Facsimile:   (619) 685-4004

Attorneys for Leonard J. Ackerman, Trustee

UNITED STATES BANKRUPTCY COURT

Southern District of California

In re

LUXURY TOY CLUB, LLC

Debtor.

Case No.   11-17177-LA7

TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO SET ASIDE ORDER DECLARING NON-RESIDENTIAL LEASE REJECTED, AUTHORIZING AND DIRECTING TRUSTEE TO TURN OVER POSSESSION OF PREMISES TO BANKRUPTCY COURT CUSTODIAN AND FOR RELIEF FROM THE AUTOMATIC STAY, QUASH WRIT AND ORDER DISMISSAL

The Trustee objects to the Debtor's "Emergency Motion To Set Aside Order Declaring Non-Residential Lease Rejected, Authorizing And Directing Trustee To Turn Over Possession Of Premises To Bankruptcy Court Custodian And For Relief From The Automatic Stay, Quash Writ And Order Dismissal" on the following grounds:

1.     The Debtor is a limited liability company which is not permitted to appear in this case except through an attorney.  This was called to the Debtor's attention in Mr. Kipperman's moving papers and by District Judge Battaglia when he remanded the eviction case after the Debtor's pro se removal petition.

2.     The Motion does not state any grounds for relief from the Order under Federal Rule of Civil Procedure 60(b).  For example, no record exists to support an assertion (not made in the motion, in any case) that the Order was entered as the result of excusable neglect.  It is questionable whether a Debtor which intentionally flouted the rules by filing without an attorney could establish

1
TRUSTEE"S OPPOSITION TO DEBTOR'S MOTION FOR RELIEF FROM EMERGENCY ORDER

1. that a misunderstanding of the Court's procedures for considering emergency motions constituted excusable neglect.

3. The Motion does not set forth any facts suggesting that relief from the automatic stay and the rejection of the lease was not appropriate. According to the Debtor, no business activity of the Debtor takes place on the premises and no property of the Debtor is kept there. Relief from the automatic stay was proper because the estate has no interest to protect. For the same reason, the lease (assuming that it has not already been terminated by actions of the Receiver take before the petition was filed) was properly rejected on an emergency basis to avoid accruing administrative expense.

4. The Debtor states in the Motion (p. 3 ¶ 3) that "LTC was forced to file Bankruptcy solely due to Mr. Kipperman's frivolous attempt to evict [non-debtor] Email Networks, Inc. . . . " This is an admission that the bankruptcy petition was filed in bad faith for the purpose of delaying the eviction of a non-debtor entity.

5. According to the Motion, the Debtor still has not been dispossessed from the premises. Although all right of possession of the Trustee was turned over to the Receiver after entry of the Order, the Debtor is, according to the Motion, still in possession of the suite and has successfully resisted the Receiver's effort to take possession based on the Trustee's turnover pursuant to the Order. There is currently no further action that the Trustee intends to take pursuant to the Order, nor does it appear that any action on the part of the Trustee would be effectual.

6. The issue then appears to be whether all occupants of the premises will be evicted by means of the Writ issued from this Court, as provided by the Order, or whether the Receiver will be sent back to "square one." Presumably, the Debtor's request to dismiss the bankruptcy case is motivated by the desire to prevent levy of the Writ of Possession. The Trustee has no reason to object, but notes that dismissal of the case before levy of the Writ would serve the Debtor's bad faith scheme in filing this petition in the first instance.

Date: November 9, 2011          KIRBY & McGUINN, A P.C.


By:   /s/ Dean T. Kirby, Jr.
      Dean T. Kirby, Jr.
      Attorneys for Leonard J. Ackerman, Trustee

2

TRUSTEE"S OPPOSITION TO DEBTOR'S MOTION FOR RELIEF FROM EMERGENCY ORDER