FILED

2011 NOV 10 PM 4:01

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

1  LAW OFFICES OF BING I. BUSH, JR., APC
2  BING I. BUSH, JR., (SBN#138309
3  1330 Camino Del Mar
4  Del Mar, CA 92014
5  Telephone (858) 259-7540
6  Facsimile: (858) 259-7551
7  Email: bing@bushlawoffices.com

UNITED STATES BANKRUTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO: 11-bk-17177 |
| LUXURY TOY CLUB, LLC | EMERGENCY MOTION TO SET ASIDE ORDER AND WRIT AND PROVIDE IMMEDIATE RELIEF FROM ILLEGAL EVICTION |
| | FRCP RULE 60 a,b,c &62 |
| | DATE: NONE SET |
| | TIME : NONE SET |
| | DEPT. 2 |
| | Hon. Louise DeCarl Adler |

TO ALL PARTIES AND RESPECTIVE COUNSEL HEREIN:

NOTICE IS HEREBY GIVEN that as soon as set forth by the Court LUXURY TOY CLUB, LLC will and hereby does move the Court pursuant to F.R.C.P. Rule 60 a, b, &c and Rule 62 to Quash the Write recorded November 7, 2011 (issued November 8, 2011) and Executed November 10, 2011.

1

Motion

In a separate Emergency Motion, Luxury Toy Club, LLC asks the Court to Set Aside the Court's Order on November 4, 2011 declaring Non-residential lease refjected, authorizing and directing Trustee to turnover possession of premises to the bankruptcy court custodian and for relief from Automatic Stay. Automatic Stay.

This motion will be based on this Notice of Motion, on the Record(s) on file herein on the Declaration of Robert Mackey filed November 10, 2011, on those matters which may be judicially noticed and on any and all further supporting evidence which may be presented at the time of hearing on the instant motion. moved that the Court Quash the Writ recorded November 7, 2011 (issued November 8, 2011) and Order Trustee Leaonard J. Ackerman to Dismiss Chapter 7 Bankruptcy filing of Luxury Toy Club, LLC Case #11-17177-LA7)

## STATEMENT OF FACTS

Foremost, this is clearly not an "Emergency", the normal 11 days to respond to Motion should apply and there should be proper notice of a hearing date.

Furthermore, the follow facts outlined below provide evidence of misleading and fraudulent statements included in the filing of motion by Mr. Slater on October 31, 2011 Under Rule 60 a, b, c.

**1. 1012 Prospect St. Suite 300 <u>is not</u> involved in any way with the Luxury Toy Club, LLC (LTC) Chapter 7 Bankruptcy filing. LTC has not had a lease for Suite #300 or occupied Suite #300 for over 3 years.**

**2. The only connection of Luxury Toy Club, LLC to Suite #300 is a frivolous lawsuit that Mr. Kipperman has <u>filed in ERROR</u>. LTC has consistently maintained it does not have a lease for suite 300, nor occupy Suite #300.**

**3. LTC was forced to file Bankruptcy solely due to Mr. Kipperman's frivolous attempt to improperly**

2

Motion

evict e-Mail Networks, Inc. by filing suit against LTC which does not occupy that Suite #300. Already weakened by the economy, the additional distraction and legal expenses caused Bankruptcy filing.

**4. Robert Mackey (personally) and E-Mail Networks, Inc. (EMN) are not related to the LTC Chapter 7 filing. They occupy Suite #300 at the exclusive verbal and written request of Mr. Richard Kipperman. See exhibits A, B and C in November 7, 2011 filing for written agreements and good faith payments. Mr. Kipperman has refused payments from e-Mail Networks, Inc. and has not delivered a new lease for e-Mail Networks, Inc. as promised in writing <u>in exchange for EMN of moving to Suite #300</u> as he requested.**

**5. LTC Trustee, Mr. Leonard Ackerman and his attorney have both confirmed in their filings on November 1, 2011 that the illegal attempted seizure and the actual illegal search of Suite #300 occurred and, in fact, no evidence that LTC occupied Suite #300 was found as maintained by LTC.**

6. Trustee Mr. Ackerman and his Attorney Mr. Kirby have failed to process Chapter 7 Luxury Toy Club, LLC Dismissal as requested (and is NORMAL procedure) so LTC can file proper Bankruptcy as discussed with Trustee Mr. Ackerman. Trustee had NOT returned ANY emails, voicemail messages and refused to meet with Robert Mackey again on November 8, 2011 at approx. 10 a.m. at his office Suite at 185 West F Street #100.

7. Neither Mr. Slater not attorney for Trustee, Mr. Kirby have objected to the fact with any evidence that in fact Suite #300 IS NOT RELATED TO THE LUXURY TOY CLUB, LLC Bankruptsy and THEREFORE NOT IN THIS COURT'S JURISDICTION.

Motion

3

8. ILLEGAL LOCKOUT OF E-MAIL NETWORKS, INC. FROM SUITE #300 OF NOVEMBER 10, 2011 NEEDS IMMEDIATE RELIEF TO MITIGATE DAMAGES TO UNINVOLVED PARTY.

ILLEGAL LOCKOUT OF Luxury Toy Club, LLC. FROM SUITE #300 OF NOVEMBER 10, 2011 NEEDS IMMEDIATE RELIEF TO MITIGATE DAMAGES TO UNINVOLVED PARTY(s).

Dated: November 11, 2011                    Law Offices of Bing I. Bush, Jr.



Bing I. Bush, Jr.

## DECLARATION OF ROBERT MACKEY

**I Robert Mackey affirm the following.**

1. On Thursday October 20, 2011, at approximately 9 a.m. while Robert Mackey, representative for the defendants e-Mail Networks, Inc. and Luxury Toy Club, LLC was leaving the Courthouse (made appearance on frivolous Unlawful Detainer case for Suite #300 filed by Richard Kipperman) when he was notified that Mary Wang, Property Manager for Newmark Merrill (hired by Receiver Richard Kipperman) had instructed a locksmith and another male individual to forcefully remove employee, Martyn Castens from the current e-Mail Networks, Inc. offices.

2. Mr. Casten's reported there events to Robert Mackey, and he promptly called Property Manager Mary Wang's cell phone as she instructed Marty Casten's to do to get details of invasion. Her voicemail message was reached twice and I informed her that there must be a mistake because that Suite #300 is still in litigation and NO court Writs had been issued, notice given of ANY sort. She provided no response and no official paperwork for her actions.

3. Five e-Mail Networks, Inc. team members were literally locked out of their place of business as they arrived to work where they were approved to operate by Mr. Richard Kipperman by oral

Motion

AND written agreements. In fact, one of the letters confirming e-Mail Networks, Inc. RENT AGREEMENT for Suite #300 was signed by Mary Wang herself. The other letter of confirmation was signed by Richard Kipperman's attorney Mr. Gary Slater.

4. e-Mail Network's, President, Michelle Gilmore was forced to reschedule internal and client meetings as well as send Team members to work from home due to illegal lockout.

5. After consulting with law enforcement and attorneys it was determined that it was clearly an illegal retaliation lockout with no valid court orders. E-Mail Networks, Inc. was advised to change locks back to their control to mitigate losses of missing items and possible paper or digital data theft. After employees left area to avoid conflict, there was at least one, maybe more individuals that entered various rooms where sensitive client data is stored. We are currently under a complete security audit to determine data integrity damages. Missing items so far include, bank statements, keys, and data USB drive.

6. On Wednesday, October 26, 2011, at approximately 9 a.m. the second break-in attempt was ordered by Mary Wang to AGAIN attempt to deny e-Mail Networks, Inc. use of its office space that it occupies with permission of Richard Kipperman in writing from his Property Manager and his Attorney.

7. Mary Wang and security guard attempted to again forcefully remove myself and e-Mail Networks, Inc. employees from our business. She tried to force herself inside with no prior notice or any official court paperwork. She was so arrogant that she said she did not need any court permission to evict e-Mail Networks, Inc.

8. I, Robert Mackey called the police to restore order to this harassment. I also called Mr. Leonard J. Ackerman, who is newly appointed Trustee for the Luxury Toy Club, LLC Chapter & filing. Mary Wang was stating that he ordered the attempted break-in and attempted lockout.

9. We kept door locked until Mr. Ackerman and Police arrived to keep order as Mary Wang was continuing her harassment and insistence of some power of seizure and eviction for which she had no authority.

Motion

5

10. I explained to the Police Officers that Mary Wang and Associates had broken into to e-Mail Networks, Inc. offices on October 20th and attempted to do so again today with no authority. I showed the two female Police Officers the two letters which clearly provide for e-Mail Networks, Inc. to occupy Suite #300.

11. Neither Mary Wang or Leonard Ackerman had any paperwork to show the Police Officers to justify Mary Wang's break in attempt.

12. I then met with Trustee, Mr. Ackerman and Jacquelyn Rigg, a Paralegal for Mr. Ackerman's attorney. I explained to he and Jacquelyn that Luxury Toy Club, LLC does not occupy Suite #300 and there is NO justification whatsoever for the intrusion and harassment by Mary Wang and her associates.

13. I also explained to Mr. Ackerman that he was not getting the true story about the lease legal issues and suggested he proceed carefully until he can get all the facts. He was still insistent to collect "data" about Luxury Toy Club, LLC that obviously someone had suggest he attempt to do.

14. I generously allowed him to run a "search" on e-Mail Networks, Inc. computers and snoop through files, boxes, paperwork and everywhere so he was satisfied that Luxury Toy Club, LLC was in fact NOT in business in Suite #300 as I have ALWAYS maintained.

15. He searched everywhere and Jacquelyn took photos to confirm that in fact their investigation confirmed that the computers, files, employees, etc. were all that of e-Mail Networks, Inc., NOT Luxury Toy Club, LLC as Mary Wang (and others) suspected even though she was clearly informed of otherwise by me.

16. The two San Diego Police Officers also did their own investigation and also confirmed the facts as stated. When I and then the Police Officers all asked Mary Wang to leave she refused. I had to leave to pick-up kids from school and had to make special arrangements as Mary Wang STILL REFUSED TO LEAVE the Suite AND STOP THE HARRASMENT EVEN WHEN ASKED TO DO SO BY THE SAN DIEGO POLICE!

6

Motion

17. The Police informed the trespassers that they must leave and it would be noted in their report that they would be arrested if any issues arose or locks were changed after they left.

18. On November 4, 2011, at approximately 4:30 pm Mr. Kipperman himself STOPPED e-Mail Networks, Inc. team members from working and attempted to force them outside into the rain. He held only a court order formulated by fraudulent misrepresentations to the court and would not assist to verify it was authentic.

19. He attempted to do a lockout AGAIN even though the corrrect LEGAL procedure (if the order was even valid) is clearly noted in the Order. As noted, Mr. Kipperman refused to assist to contact the court to confirm the Order's validity sense it was clearly issued in error and not based on facts. He commented, too bad the court is closed for the day now.

20. Robert Mackey made attempts to contact court and LTC Trustee. I left messages with no return calls.

21. San Diego Police were called for the 3rd time in two weeks to AGAIN stop Mr. Kipperman (and other staff of his, including locksmiths) from attempting another illegal work stoppage, break-in and lock-out of e-Mail Networks, Inc.

22. After holding-Mail Networks team members and Mr. Mackey hostage in their own "e-Mail Networks , Inc. suite" for several hours the San Diego Police finally arrived and asked Mr. Kipperman to again depart the building and halt his illegal eviction strategy.

23. The locks had to be changed back for the 2nd time in two weeks after San Diego Police cleared out Mr. Kipperman's trespassing parties. It took over two hours to repair lock damages by Mr. Kipperman's locksmith.

24. Mr. Kipperman's actions again exposed hundreds of e-Mail Network's clients and millions of subscriber's personal data to be at high risk. A security audit is underway from this past illegal break-in.

7

Motion

I declare the above to be true and correct under penalty of perjury under the laws of the State of California.

DATED: November 10, 2011

                          Robert Mackey